BARRY J. PORTMAN
Federal Public Defender
CYNTHIA C. LIE
Assistant Federal Public Defender
160 West Santa Clara Street, Suite 575
San Jose, CA  95113
Telephone:  (408) 291-7753

Counsel for Defendant NAGY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-07-00597 JF |
| | ) | |
| Plaintiff, | ) | STIPULATION AND [PROPOSED] |
| | ) | ORDER CONTINUING HEARING |
| vs. | ) | |
| | ) | |
| JOHN MICHAEL NAGY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## STIPULATION

The parties hereby stipulate that the status hearing currently set for Thursday, January 14, 2010 at 9:00 a.m. may be continued to Wednesday, February 24, 2010 at 9:00 a.m., to permit the government and its agents to continue their evaluation of the protective order proposed by the defense for inspection of the digital discovery under the Adam Walsh Act, to permit the defense to inspect that discovery once the protective order is finalized, and to accommodate defense counsel's unavailability to conduct that inspection in early February.

The parties further stipulate that 41 days may be excluded from the time within which trial shall commence, as the reasonable time necessary for continuity and effective preparation of counsel, taking into account the exercise of due diligence, pursuant to Title 18, United States Code Section 3161(h)(7)(A) and (h)(7)(B)(iv).

Stipulation and [Proposed] Order Continuing
Hearing                                                                    1

Dated: January 13, 2010

s/_____
CYNTHIA C. LIE
Assistant Federal Public Defender

Dated: January 13, 2010

s/_____
JOSEPH FAZIOLI
Assistant United States Attorney

### [PROPOSED] ORDER

Good cause appearing and by stipulation of the parties, it is hereby ordered that the status hearing of Thursday, January 14, 2010 shall be continued to Wednesday, February 24, 2010 at 9:00 a.m.

The Court further finds, based on the aforementioned reasons, that the ends of justice served by granting the requested continuance outweigh the interest of the public and the defendant in a speedy trial, in that the failure to grant the requested continuance would deny counsel reasonable time necessary for continuity and effective preparation of counsel, taking into account the exercise of due diligence, and would result in a miscarriage of justice. The Court therefore concludes that 41 days should be excluded from the time within which trial shall commence under 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv).

It is so ordered.

Dated: January 14, 2010

_____
JEREMY FOGEL
United States District Judge